IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NATIONAL FIRE & MARINE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>vs.<br><br>**TITAN GOLDEN PROPERTY INVESTOR, LLC**<br><br>Defendant. | **CASE No. 8:25-cv-14** |

## COMPLAINT

Plaintiff National Fire & Marine Insurance Company ("National") files this Original Complaint for declaratory relief pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, requesting a declaration that National owes no duty to indemnify Defendant under the insurance policy issued to Defendant by National and in support thereof, respectfully alleges as follows:

### PARTIES

1. Plaintiff National Fire & Marine Insurance Company is an insurance company incorporated in the State of Nebraska with its principal place of business in Omaha, Nebraska.

2. Plaintiff is a citizen of Nebraska. *See* 28 U.S.C. § 1332(c)(1).

3. Upon information and belief, Defendant Titan Golden Property Investor, LLC ("Titan Property") is a limited liability company organized under the laws of the State of Delaware.

4. Upon information and belief, Titan Property is a wholly-owned subsidiary of Titan Golden Capital, LCC and is managed and controlled by the managers or members of Titan Golden Capital, LLC ("Titan Capital").

1

5. Upon information and belief, Titan Capital is a limited liability company organized under the laws of the State of California.

6. Upon information and belief, Hao Tang and Chi Fai Ben Wong are the only members and/or managers of Titan Capital and, in that capacity, they serve as the only members of Titan Property.

7. Upon information and belief, Hao Tang is a Chinese national permanently residing in California.

8. Upon information and belief, Chi Fai Ben Wong is a Chinese national permanently residing in California.

9. Upon information and belief, Titan Capital is a single-family investment company.

10. As Titan Property is an LLC whose sole member is Titan Capital, and Titan Capital's members are foreign nationals residing in California, Titan Property is either a citizen solely of the state of California or the citizen of a foreign state.

11. Titan Property may be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION

12. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states or citizens or subjects of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

13. Personal jurisdiction is proper because the parties have agreed to submit to the jurisdiction of this Court.

## VENUE

14.     Venue is proper in the District of Nebraska, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in this district. Moreover, the insurance policy at issue contains a valid forum selection clause designating the U.S. District Court for the District of Nebraska as the venue for this matter.

## BACKGROUND

15.     This declaratory judgment action arises from a dispute over insurance coverage.

16.     National issued Commercial Property Policy No. 12PRM121281-01 (the "Policy") to Titan Property. A true and correct Certified Copy of the Policy is attached as Exhibit A.

17.     The Policy provides coverage for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

18.     The Premises described in the Declarations is a dwelling located at 49 Beverly Park Circle, Beverly Hills, CA 90210 (the "Building").

19.     The Policy's definition of "Covered Causes of Loss" includes "Risks Of Direct Physical Loss unless the loss is: 1. Excluded in Section B., Exclusions; or 2. Limited in Section C., Limitations."

20.     Section B.1. excludes certain losses as follows:

We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

21.     "Water" is an excluded cause of loss under Section B.1.

22.     This Water exclusion is modified by a Water Exclusion Endorsement that provides, in relevant part, that National will not pay for loss or damage caused directly or indirectly by:

"[w]ater that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment."

23. The policy contains other exclusions and limitations.

24. On or about May 27, 2024, a plumber was called out to the Building to address clogged drains.

25. The plumber attempted to unclog the drains using a high-pressure pump with approximately 1,200 gallons of water.

26. When the plumber introduced the water into the drain system, the water backed up at the floor drains located in the catering kitchen.

27. The water that backed up caused water damage to the Building.

28. On June 28, 2024, Titan Property made a claim on the Policy (the "Claim").

29. National promptly assigned an adjuster to investigate the Claim. Soon thereafter, National retained an engineering consultant to investigate issues related to causation.

30. Based on its investigation, including the engineering consultant's report (the "MKA report"), National determined that the water damage was caused by water backing up or overflowing from a drain.

31. Because damages caused by water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment are excluded from coverage by the Water Exclusion Endorsement, National notified Titan Property that the Claim is not covered by the Policy.

32. National notified Titan Property of other limitations and exclusions in the policy which limited or excluded coverage for the claim.

33. On December 11, 2024, National issued a Reservation of Rights letter (the "ROR") to Titan Property outlining the potentially applicable exclusions.

34. The ROR stated, in relevant part:

> This initial position regarding application of the Policy to the Claim asserted by you is based on the information regarding the Claim, as we presently understand it. In the event you have additional facts or information you contend support a contrary conclusion, or in the even new facts or information regarding the Claim becomes available, please provide such facts or information to us immediately and we will consider them as quickly as possible. If no additional information is received within the next 30 days, the Company will proceed with a final coverage determination based on the information available to date.

35. In a subsequent email with Titan Property's counsel sent on December 11, 2024, National stated, in relevant part:

> If the insured believes any of the information included in the MKA report and/or ROR is incorrect, please let us know. In the event the insured has additional facts or information believed to support an alternative position to that outlined in the MKA report and/or ROR, in the event new facts or information regarding the Claim becomes available, please provide such facts or information to us immediately and we will consider them as quickly as possible.

36. Titan Property did not provide any additional information for National to review.

37. Titan Property maintains that the damages are covered by the Policy.

38. Titan Property has retained counsel that National has been communicating with regarding the Claim.

### CLAIM FOR DECLARATORY RELIEF

39. An actual controversy exists concerning National's obligations, if any, to indemnify Titan Property for the Claimed water damage. Pursuant to 28 U.S.C. § 2201, National is entitled to a declaratory judgment that National owes no duty to indemnify Titan Property under the Policy.

**PRAYER**

WHEREFORE, Plaintiff National Fire & Marine Insurance Company prays that the Court enter judgment declaring that National has no duty to indemnify Titan Property for the claimed loss, and for such other and further relief as is just and equitable.

**Dated:** January 14, 2025

Respectfully submitted,

\_\_\_/s/ Jeremy Wells\_\_\_
Jeremy Wells (NE Bar No. 24897)
Luke Henkenius (NE Bar No. 26226)
Mike Roccaforte (NE Bar No. 26670)
National Fire & Marine Insurance Company
1314 Douglas Street, Suite 1400
Omaha, Nebraska 68102
Telephone: (402) 916-3101
Email: lahenkenius@nationalindemnity.com
jrwells@nationalindemnity.com
mjroccaforte@nationalindemnity.com

ATTORNEYS FOR PLAINTIFF